## John H. Dilcher *et al.*

### *v.*

## John H. Raap.

1. ARREST—*rights of officers called on to assist in re-arrest.* Police officers called upon to assist in the arrest of a party by another officer, who do so upon the information and under the honest belief that such party had been arrested for the breach of an ordinance and had escaped, will not be held liable in trespass for false imprisonment.

2. But if a police officer gets into a personal difficulty with a private person, himself being the aggressor, and other police officers afterwards arrive and assist in the arrest and imprisonment of such person, not acting in the honest discharge of official duty, but rather in the espousal of the first named officer's private quarrel, and in carrying out his purpose of revenge and the infliction of injury, they will all be liable in trespass for the arrest.

APPEAL from the Circuit Court of Cook county; the Hon. John G. Rogers, Judge, presiding.

Mr. John Lyle King, and Mr. James Lane Allen, for the appellants.

Messrs. Brandt & Hoffmann, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an action of trespass, brought by appellee, Raap, against the appellants, Dilcher, Dewey, Pewren and McCabe, four police officers of the city of Chicago, to recover damages for an alleged assault and battery and false imprisonment. The plaintiff recovered in the court below, and the defendants appealed.

There is nothing but a question of fact here involved. No error of law is insisted on, more than an objection to plaintiff's second instruction, in regard to the use of the word "assaulted" —that, as used, it did not convey to the jury the correct idea of an assault, and that the instruction did not properly inform the jury what is an assault, and that the fourth instruction might lead the jury to hold the co-defendants of Dilcher liable for his previous acts; but there is no substantial merit in the objections.

The case made by the proof was, that there had been an affray between Raap and one of the defendants (Dilcher), on the sidewalk in front of a lager beer saloon, kept by Raap, in the city of Chicago; that Raap, after its occurrence, having obtained the advantage over Dilcher, went back into his saloon, leaving Dilcher on the sidewalk, who remained there for a time, from five to thirty minutes, according to the testimony, when the other defendants came, and they, with Dilcher, went into the saloon, arrested Raap without a warrant, took him to a police station some three or four blocks distant, where he was confined about three hours, when he gave bail and was released, and on examination, afterward, before a justice of the peace, was discharged.

The theory of the defense was, that Raap was the aggressor in the affray, and was guilty of a breach of the peace and of the city ordinance; that Dilcher arrested him therefor; that Raap escaped or was rescued from Dilcher's custody, and that the co-defendants of the latter but assisted him, on his call, in the recapture of an escaped prisoner. Whereas the plaintiff's theory was, that Dilcher himself was the aggressor, and that

Raap only acted in self-defense; that Dilcher made no arrest of Raap; that the co-defendants of the former were not called upon to aid in any recapture of Raap, but that they, on news being brought to the police station of the affray, of their own volition solely, hurried to the spot, and coming up to Dilcher on the sidewalk, the latter merely said: "I want to get this brother in-law arrested," (Raap being a brother-in-law of Dilcher) and without anything more, all the defendants proceeded into Raap's place of business, and took and carried him away to the police station.

The judgment is especially complained of as against the co-defendants of Dilcher. But the jury were expressly instructed by the court, that if they were called in by Dilcher to assist him in the re-arrest of an escaped prisoner, and, in so doing, they used no more force than was necessary to effect the re-arrest, to find them not guilty. So that it is only of the finding upon the evidence of which such co-defendants can complain.

There was much evidence on both sides, and it was very conflicting. It is clear that there was an affray between Raap and Dilcher, they each having hold of the other and struggling around together on the sidewalk for some time; but which one commenced the affray, the witnesses on the respective sides testified in direct contradiction of each other, though we should say that the preponderance of the testimony was, that Dilcher was the aggressor. This, however, should not affect the other police officers, the co-defendants of Dilcher, if they were really called upon by Dilcher to assist him in the re-arrest of an escaped prisoner; and they were so acting in good faith. They testify themselves, that when they came up to Dilcher, he told them he wanted their assistance to re-arrest Raap, who was an escaped prisoner. But a disinterested witness who was standing by Dilcher at the time these other officers came up, testifies that Dilcher said to them: "I want to get this brother-in-law arrested," and said nothing more. The evidence, too, was contradictory, and left it in doubt whether Dilcher had made any arrest of Raap. The manner of treatment by these officers of Raap, in arresting and carrying him away, was of such a char-

acter as to have a tendency to lend some corroboration to the idea that they might not have been acting as officers of the law, in the honest discharge of official duty, but were acting rather in espousal of Dilcher's private quarrel, and in carrying out his purpose of revenge, and of the infliction of injury upon Raap. The evidence in the case, according as it might be believed, would support the theory of either party, and a jury might have had warrant, from the testimony, to find either way.

We are unable to say that the finding of the jury is so palpably against the weight of evidence that it should be disturbed, and the judgment must be affirmed.

*Judgment affirmed.*